UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN M. LIPSCOMB,
     Petitioner,

v.            Case No. 21-CV-1459

GARY BOUGHTON,
     Respondent.

## ORDER

  Kevin M. Lipscomb is incarcerated pursuant to a state court judgment. He seeks relief pursuant to 28 U.S.C. § 2254. However, he acknowledges that he has not exhausted all his claims in state court. Because he filed his petition less than a month before the deadline for doing so, Lipscomb asks that the court stay these proceedings and hold his petition in abeyance so he may exhaust his remedies in state court. (ECF No. 2.)

  "[S]tay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If employed too frequently the stay and abeyance procedure would undermine Congress's goal of encouraging finality of state court judgments and streamlining federal habeas proceedings. *Id.* Thus, a stay is appropriate only if the claim the petitioner seeks to present in the state court is not clearly meritless.

*Id.* Additionally, there must have been good cause for the petitioner's failure to have earlier sought relief in state court. *Id.*

Based on the court's preliminary review of the petition, it is unable to conclude that the issues Lipscomb seeks to present in state court are clearly meritless. Additionally, the alleged ineffective assistance of appellate counsel presents good cause for Lipscomb's failure to have sought relief in state court earlier.

There is no indication that Lipscomb has yet filed a post-conviction motion in state court. Consequently, if this action is dismissed, because the statute of limitations for filing a habeas petition has now expired, Lipscomb will be barred from later seeking federal habeas relief. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). In light of these circumstance, the court finds it appropriate to stay these proceedings and hold Lipscomb's petition in abeyance.

However, to ensure that federal habeas cases proceed expeditiously, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005). Normally, a "brief interval" of 30 days to initiate state court proceedings after a federal stay, and 30 days to return to federal court after the exhaustion of state court remedies, is appropriate. *Id.*

Finally, "Lipscomb additionally requests that this Court grant him leave to amend the petition once he has had an opportunity to procedurally exhaust his right to a defense claim and any other claims subsequently identified and deemed viable for

postconviction challenge." (ECF No. 2 at 4.) This request will be denied without prejudice. Whether there is good cause to file an amended petition can be assessed only upon consideration of the proposed amended petition.

**IT IS THEREFORE ORDERED** that Lipscomb's motion to stay these proceedings and hold his petition in abeyance (ECF No. 2) is **granted**. The Clerk shall administratively close this action.

**IT IS FURTHER ORDERED** that within **30 days** of this order Lipscomb shall initiate proceedings in state court to exhaust any claim he seeks to present in a federal habeas petition. **Failure to do so may result in dismissal of his petition**.

**IT IS FURTHER ORDERED** that within **30 days** of exhausting his remedies in state court (or the expiration of time for seeking further review in state court) Lipscomb shall advise this court whether he intends to proceed with his federal petition. **Failure to do so may result in dismissal of his petition.**

**IT IS FURTHER ORDERED** that if at any time Lipscomb determines he no longer wishes to pursue his federal petition he must promptly notify this court.

**IT IS FURTHER ORDERED** that Lipscomb's motion to file an amended petition is denied without prejudice.

Dated at Milwaukee, Wisconsin this 1st day of February, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge