# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN M. LIPSCOMB,**

        Petitioner,

        v.                              Case No. 21-CV-1459

**MICHAEL MEISNER,**

        Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Kevin M. Lipscomb, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. The court stayed the proceedings and held his petition in abeyance so he could exhaust his remedies in state court. (ECF No. 4.) In doing so, the court ordered

> that within 30 days of exhausting his remedies in state court (or the expiration of time for seeking further review in state court) Lipscomb shall advise this court whether he intends to proceed with his federal petition. **Failure to do so may result in dismissal of his petition**.

(ECF No. 4 at 3 (emphasis in original).)

The Wisconsin Supreme Court denied review on August 17, 2023. (ECF No. 10-6.) Lipscomb failed to comply with this court's order and did not timely notify the court whether he wished to proceed with his petition. Therefore, on November 6, 2023, the

court ordered Lipscomb to advise the court as to the status of the matter. (ECF No. 9.) The same day, Lipscomb moved to vacate the stay and submitted a proposed amended petition. He failed to address his failure to comply with the court's order other than to allude to the fact that the time for seeking certiorari in the United States Supreme Court has not yet run (although he has elected not to seek certiorari). (ECF No. 10 at 2.)

The court's order (ECF No. 4) was explicit. It required Lipscomb to notify the court within 30 days of his exhaustion of "his remedies *in state court* (or the expiration of time for seeking further review *in state court*)." (ECF No. 4 at 3 (emphasis added).) The court clearly and intentionally did not allocate any time for seeking review in the United States Supreme Court. The court's decision not to allocate time for seeking certiorari rested on an extension of the holding in *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 1083 (2007), to the reasoning in *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

*Rhines* made clear that a stay must not be used to protract proceedings, and therefore petitioners must promptly return to federal court following exhaustion of state court remedies. *Lawrence* held that, unlike direct appeals, when a petitioner seeks collateral review, the time for seeking certiorari is not automatically excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d). By demanding that a petitioner notify the court whether he plans to proceed with his petition within 30 days of the exhaustion of his state court remedies, the court ensures that a petition will not be

2

Case 2:21-cv-01459-WED   Filed 11/07/23   Page 2 of 4   Document 11

delayed on account of the extreme unlikelihood that a petitioner will seek, and the Supreme Court will grant, review.

Notwithstanding the petitioner's failure to comply with the court's order, the court declines to take any action at this time. If the respondent believes that he was prejudiced by Lipscomb's delay, he may seek relief.

The stay is hereby **vacated**, and Lipscomb's request to file an amended petition is **granted**. The Clerk shall docket his proposed amended petition.

Having reviewed the amended petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, the court is unable to say that it is plainly apparent that the petitioner is not entitled to relief. Therefore, the respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the amended petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the amended petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. The petitioner shall then submit a brief in support of his amended petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. The petitioner may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss the petitioner's amended petition no later than **60 days after this order**. In the event the respondent moves to

dismiss the amended petition, the petitioner shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the amended petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 7th day of November, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge